# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN, et.al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-00497-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, DENYING MOTION TO BE EXEMPT FROM THE TWENTY-FIVE PAGE LIMIT, AND GRANTING EXTENSION OF TIME TO FILE A FIRST AMENDED COMPLAINT<br><br>[ECF No. 26] |

Plaintiff Allen Hammler is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for reconsideration of the Court's August 5, 2019, order striking his first amended complaint, motion to be exempt from the twenty-five page limitation, and request for extension of time to file a first amended complaint, filed August 16, 2019.

On May 5, 2019, an order issued finding that Plaintiff's complaint failed to state a cognizable claim. (ECF No. 18.) The screening order granted Plaintiff the opportunity to file an amended complaint and provided that the amended complaint was not to exceed twenty-five pages in length. (Id. at 5.) On June 12, 2019, and July 17, 2019, Plaintiff was granted a thirty day extension of time to file his amended complaint. (ECF Nos. 21, 23.) Plaintiff filed a first amended complaint on July 24, 2019. (ECF No. 24.) Plaintiff's first amended complaint was 55 pages, including five pages of exhibits in excess of the

1

25- page limit established by the Court's screening order of May 5, 2019. (ECF No. 18.) Accordingly, on August 5, 2019, an order issued striking the first amended complaint because it violated the Court's May 8, 2019 order, and Plaintiff was granted thirty days to file a first amended complaint not to exceed the 25-page limit. Plaintiff now seeks reconsideration of the Court's August 5, 2019 order. Plaintiff contends that he intended but neglected to file a request to exceed the page limit at the time the first amended complaint, and he is not able to plead his case in twenty-five pages because "the facts are of a significant length." (ECF No. 26 at 1-2.) Plaintiff's motion must be denied.

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986).

Pursuant to Federal Rule of Civil Procedure 60(b)(6), referred to as the catch-all provision, the Court may, upon motion, relieve a party from a final order or judgment. As the moving party, Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations and citation omitted). The "Rule is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (internal quotations and citation omitted).

Plaintiff fails to provide a valid basis for exceeding the 25-page limit, and the Court finds that 25 pages is sufficient to present his first amended complaint for the reasons set forth in the Court's May 5, 2019, screening order. Plaintiff's mere disagreement with the Court's August 5, 2019 order is insufficient to warrant reconsideration. Plaintiff's original complaint was eleven pages, named Defendants Scott Kernan and M. Simas only, and raised a due process and failure to protect claim. However, Plaintiff's first amended complaint was 55 pages, named over twenty Defendants, and presented fourteen separate claims. However, as stated in the Court's May 5, 2019 screening order, in filing an amended complaint, no further claims or defendants may be added to the amended complaint.

Plaintiff is further advised that a complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Federal Rule of Civil Procedure 10(b).

In addition, a basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g). The Court advises Plaintiff that each claim that is raised in his first amended complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Fed. R. Civ. P. 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined. Plaintiff should carefully consider these rules in drafting and filing his first amended complaint.

///
///
///
///
///
///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the Court's August 5, 2019 order is denied;
2. Plaintiff's request to be exempt from the 25-page limit is denied; and
3. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the Court's May 8, 2019 screening order and does not exceed 25 pages.

IT IS SO ORDERED.

Dated: **August 20, 2019**

UNITED STATES MAGISTRATE JUDGE