UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>   Plaintiff,<br><br>   v.<br><br>SCOTT KERNAN, et al.,<br><br>   Defendants. | No. 1:19-cv-00497-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(Doc. No. 15) |

Plaintiff Allen Hammler is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 24, 2019 the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion for preliminary injunction (Doc. No. 10) be denied. (Doc. No. 15.) Specifically, the magistrate judge found that: (1) because plaintiff's complaint had yet to be screened, no defendant has been served and the court therefore lacks jurisdiction over the persons plaintiff seeks to enjoin; and (2) plaintiff is unlikely to succeed on the merits of his claims; and (3) plaintiff has not established that he is likely to suffer irreparable harm in the absence of the granting of preliminary relief. (*Id.* at 2–3.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within

1

fourteen days (14) after service. (*Id.* at 7.)  On May 13, 2019, plaintiff untimely filed his objections. (Doc. No. 19.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Plaintiff's primary objection is that it does not make sense to deny him preliminary injunctive relief on the basis that no defendant has yet been served because to do so essentially takes the position "that it's okay that Plaintiff is being treated in an unconstitutional manner, because 'hey, no service has been effected.'" (*Id.* at 1–2.)  Plaintiff's secondary objection is that he is likely to succeed on the merits of his due process claim because he has alleged that he has a written agreement signed by a prison official guaranteeing him specific housing and that agreement was not honored at his current place of confinement.  (*Id.* at 2–3.)  Neither of these objections is persuasive.  First, plaintiff does not dispute the magistrate judge's legal finding that the court "may issue a preliminary injunction only on notice to the adverse party," Fed. R. Civ. P. 65(a)(1), and that therefore, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant," *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  Second, in his objections plaintiff merely contends in conclusory fashion that he can succeed on the merits of his claims but fails to present any legal argument in support of that bare assertion.  Indeed, since the pending findings and recommendations were issued, the assigned magistrate judge has screened plaintiff's original and first amended complaints (*see* Doc. Nos. 18, 29) and found that plaintiff has failed to state a cognizable claim.[1]  The court has reviewed those screening orders and agrees with the analysis set forth therein.  Accordingly, the court also concludes that plaintiff has failed to establish that he is likely to succeed on the merits of his claims or to otherwise meet the standard for establishing that he is entitled to preliminary relief.

---

[1] Plaintiff has filed a second amended complaint that has not yet been screened by the magistrate judge. (*See* Doc. No. 30.)

Accordingly,

1. Thee April 24, 2019 findings and recommendations (Doc. No. 15) are adopted in full; and
2. Plaintiff's motion for preliminary injunction (Doc. No. 10) is denied.

IT IS SO ORDERED.

Dated: **October 8, 2019**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE