UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　　Defendants. | No. 1:19-cv-00497-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. No. 32) |

　　　　Plaintiff Allen Hammler is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On October 17, 2019, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's second amended complaint ("SAC") (Doc. No. 30) be dismissed due its failure to state a cognizable claim for relief. (Doc. No. 32.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 13.) On January 2, 2020, after receiving three extensions of time to file his objections, plaintiff filed objections. (Doc. No. 39.)

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's

1

objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In his objections, plaintiff argues that "[t]he magistrate judge misconstrue[d] the facts" in issuing the pending findings and recommendations. (Doc. No. 39 at 3.) Specifically, plaintiff contends that his First Amendment claim is not based on his right to appear in person at a California Department of Corrections and Rehabilitation's Institutional Classification Committee ("ICC") hearing, as the magistrate judge characterized his claim, but instead is based on his "absolute right to speak to the Higher up(s) in Sacramento via the 128-G [form]." (*Id.* at 3–4.) Plaintiff claims to have "an absolute right [] via th[is] process [to] speak his concerns to the Reviewer/Executives up the Chain . . . and was denied that right for no legitimate Penalogical [sic] Reason as was alleged in the SAC." (*Id.* at 4.) Plaintiff's objections, however, do not meaningfully dispute the magistrate judge's finding that his SAC fails to allege a cognizable First Amendment claim.

First, it is not clear to the court that plaintiff's objection has any merit, since "Form 128–G's purpose is documenting the classification hearing," *Williams v. Sullivan*, No. 1:09-cv-00118-OWW-SMS (PC), 2009 WL 3624997, at *4 (E.D. Cal. Oct. 29, 2009) (citing CDCR Operations Manual § 62010.9.1), and it does not appear that plaintiff himself could communicate with "Higher up(s)" via that form. *See id.* ("The documentation must include the action taken, the date of the action, the specific reasons for the action, the information upon which the decision was based, the names of the participating staff, the name of the committee chairperson, and the signature of the person recording the action.") Second, as the pending findings and recommendations note, the SAC alleges that plaintiff refused to attend the ICC hearing at issue because he did not want to wear a "size 5X Jumpsuit." (*See* Doc. Nos. 32 at 3; 30 at 7.) Plaintiff admits that after the ICC hearing proceeded without him in attendance, a 128-G form was issued, albeit, in his view, it included "a number of Facts [that] had been Fabricated by Defendants . . . and intentionally falsified." (Doc. No. 30 at 7–8.) However, even if the court accepts plaintiff's allegations as true, he has not once—not in his original complaint, the first amended complaint, the operative SAC, or in his objections to the pending findings and recommendations—

2

sufficiently alleged that in purportedly falsifying the 128-G form, his right to free speech was denied or that he was retaliated against by defendants. Nor has plaintiff argued that he was otherwise denied his rights under the First Amendment. In fact, the SAC alleges that plaintiff had an opportunity to go before the ICC—and thereby exercise his First Amendment right—but refused to do so because he did not want to wear the jumpsuit provided to him by prison officials. Of course, plaintiff's decision to not comply with prison regulations is not a First Amendment violation, and he has provided the court to no authority so indicating.

Plaintiff's objections do not dispute the magistrate judge's remaining findings that he has failed to state cognizable claims for violation of his rights under the Eighth and Fourteenth Amendments and that he cannot bring suit against defendant Kernan in defendant Kernan's official capacity.

Accordingly,

1. The October 17, 2019 findings and recommendations (Doc. No. 32) are adopted in full;

2. This action is dismissed due to plaintiff's failure to state a cognizable claim for relief[1]; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 28, 2020**

UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's SAC also asserts state law tort claims. Having found that plaintiff's federal claims fail to state cognizable claims, the court chooses not to exercise supplemental jurisdiction over those claims. *See Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016) ("When we are presented with multiple claims within a single action, we assess a PLRA strike only when the 'case as a whole' is dismissed for a qualifying reason under the Act.").

3