UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN, et al.,<br><br>        Defendants. | No. 1:19-cv-00497-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 42) |

Plaintiff Allen Hammler is a state prisoner appearing *pro se* and *in forma pauperis* in this closed action. On January 29, 2020, the undersigned issued an order adopting in full the assigned magistrate judge's October 17, 2019 findings and recommendations recommending dismissal of plaintiff's second amended complaint without further leave to amend for failure to state a claim. (Doc. No. 40; *see also* Doc. No. 32.)

On February 26, 2020, plaintiff moved this court for reconsideration of the January 29, 2020 order. (Doc. No. 42.) Therein, plaintiff asks this court "to reconsider and modify the order to reflect that no Eighth Amendment claim related to Health and Safety was" alleged in his second amended complaint (SAC). (*Id.* at 1.) Plaintiff also reiterates his position that his SAC plausibly alleges a cognizable First Amendment retaliation claim. (*Id.* at 3–7.) Although the pending motion does not clearly state which Federal Rule of Civil Procedure plaintiff is bringing his motion pursuant to, the motion does reference both Rules 59(e) and 60(b). (*See id.* at 6.) The

1

court finds that Rule 59(e) is the most applicable in this circumstance, providing "[a] motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment." As stated above, the order adopting the magistrate judge's findings and recommendations was issued on January 29, 2020 and plaintiff's motion for reconsideration was mailed on February 26, 2020, or within 28 days of the court's order.[1] The court therefore finds plaintiff's motion timely under Rule 59(e).

District courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citations and internal quotation marks omitted). A motion for reconsideration under Rule 59(e), however, "should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) ("[T]he orderly administration of lengthy and complex litigation such as this requires the finality of orders be reasonably certain."). Further, motions for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners*, 179 F.3d at 665); *accord Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Moreover, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for

---

[1] Pursuant to the mailbox rule, the court construes the pending motion filed on February 26, 2020, the date that plaintiff "delivered it to the prison authorities for forwarding to the court clerk." *Douglas v. Noelle*, 567 F.3d 1103, 1106 (9th Cir. 2009) (internal quotation marks and citation omitted); (*see also* Doc. No. 42 at 19.)

2

the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Here, plaintiff has not shown mistake, inadvertence, surprise, or excusable neglect; has not shown the existence of either newly discovered evidence or fraud; has not established that the judgment is either void or satisfied; and has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the court's Local Rules, plaintiff has not shown "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

With respect to plaintiff's request that this court modify the January 29, 2020 order to reflect that he did not assert an Eighth Amendment claim predicated on "safety concerns" in the SAC, he points the court to the SAC, which asserts a "Claim Three: Violation of 8th Amendment, Deliberate Indifference," and alleges that: "Defendants were Deliberately Indifferent to the Risk of injury to Plaintiff's Constitutional Rights and the obvious risk that Failure to adhere to Policies and Procedures Posed. <u>This Claim does not go to Safety of the [prison] conditions but is limited to the scope alleged.</u>" (Doc. No. 30 at 22.) Relying on this underlined language, plaintiff now argues that his SAC did not assert an Eighth Amendment claim "relat[ing] to Health and Safety" of the prison and that the "magistrate [judge] in screening the complaint was mandated to accept the facts as true." (Doc. No. 42 at 2.) Plaintiff made a similar argument when objecting to the October 17, 2019 findings and recommendations, noting that the Eighth Amendment claim "does not go to safety of the [prison] conditions but is limited to the scope alleged." (Doc. No. 29 at 8.)

Plaintiff's position is confusing and does not warrant reconsideration of this court's January 29, 2020 order adopting the October 17, 2019 findings and recommendations. The SAC alleges an Eighth Amendment claim for "Deliberate Indifference." (Doc. No. 30 at 22.) As the findings and recommendations correctly pointed out, "[i]n order to state [such] a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff." (Doc. No. 32 at 8.) The findings and recommendations also correctly found that plaintiff's SAC did not plausibly allege an Eighth

3

Amendment deliberate indifference claim at all, whether based on allegations relating to the "health and safety" of the prison or any other allegations. (*See id.* at 8–9.) Contrary to plaintiff assertion here, the findings and recommendations therefore did not limit its findings with respect to plaintiff's Eighth Amendment deliberate indifference claim to allegations relating to the "health and safety" of the prison. Plaintiff, in both his objections to those findings and recommendations and in the pending motion, does not argue that he did plausibly allege an Eighth Amendment deliberate indifference claim. Accordingly, he has provided the court with no basis upon which to reconsider its prior order finding that he did not plausibly allege such a claim.

With respect to plaintiff's contention that the undersigned incorrectly concluded that the SAC did not plausibly allege a First Amendment retaliation claim, the court finds that this basis for reconsideration of the January 29, 2020 order is also without merit. Here, plaintiff again argues that the SAC did plausibly allege a First Amendment retaliation claim, and that the court would have reached the same conclusion if it liberally construed his allegations in support of that claim. (Doc. No. 42 at 3.) Plaintiff's position is unavailing. First, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010) (citation omitted); *see also Sami Mitri v. Walgreen Co.*, No. 1:10-CV-538 AWI SKO, 2015 WL 1876133, at *1 (E.D. Cal. Apr. 10, 2015) ("Reconsideration should not be used merely to ask the court to rethink what it has already thought."). Second, the pending motion does not address, let alone dispute in any meaningful way, the analysis set forth by the undersigned in the January 29 order, which found that,

> as the [] findings and recommendations note, the SAC alleges that plaintiff refused to attend the ICC hearing at issue because he did not want to wear a "size 5X Jumpsuit." (*See* Doc. Nos. 32 at 3; 30 at 7.) Plaintiff admits that after the ICC hearing proceeded without him in attendance, a 128-G form was issued, albeit, in his view, it included "a number of Facts [that] had been Fabricated by Defendants . . . and intentionally falsified." (Doc. No. 30 at 7–8.) However, even if the court accepts plaintiff's allegations as true, he has not once—not in his original complaint, the first amended

4

complaint, the operative SAC, or in his objections to the pending findings and recommendations—sufficiently alleged that in purportedly falsifying the 128-G form, his right to free speech was denied or that he was retaliated against by defendants. Nor has plaintiff argued that he was otherwise denied his rights under the First Amendment. In fact, the SAC alleges that plaintiff had an opportunity to go before the ICC—and thereby exercise his First Amendment right—but refused to do so because he did not want to wear the jumpsuit provided to him by prison officials. Of course, plaintiff's decision to not comply with prison regulations is not a First Amendment violation, and he has provided the court to no authority so indicating.

(Doc. No. 40 at 2–3.)

The pending motion provides no basis warranting reconsideration of the court's January 29, 2020 order. Accordingly, plaintiff's motion for reconsideration (Doc. No. 42) is denied in its entirety. This action will remain closed.

IT IS SO ORDERED.

Dated: **April 2, 2020**

UNITED STATES DISTRICT JUDGE

5